ABIGAIL E. McDONALD *vs.* CLARE U. PHILLIPS.

AUGUST 22, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is an action of debt on judgment based on a Florida divorce decree. The case was tried in the superior court and resulted in a decision for the defendant. The plaintiff duly excepted thereto and the case is here on that and several other exceptions taken in the course of the trial.

The parties neither in their briefs nor arguments referred to any particular exception, but their contentions were

directed solely to the correctness of the decision and we shall consider that question only.

These parties, who were formerly husband and wife, had domestic difficulties and entered into a property settlement. Thereafter the plaintiff went to Florida, established a residence, and obtained a divorce. The final decree in that case is dated December 29, 1952, and the pertinent parts thereof read as follows:

"It is further Ordered, Adjudged And Decreed that the provisions of the agreement, dated July 28, 1952, and executed by the parties hereto, filed in evidence as plaintiff's exhibit No. 1, be and the same are hereby incorporated in this decree as if set forth in haec verba.
* * *

It is further Ordered, Adjudged And Decreed that the defendant, Clare U. Phillips, will pay to the plaintiff, Abigail Edith Phillips the sum of Five hundred dollars ($500.00) cash, and beginning on December 1, 1952, on the first day of each and every month hereafter for a period of four and one-half years (4½) will pay to the plaintiff the sum of Sixty-five dollars ($65.00). * * *"

The agreement which was incorporated into the decree contains, among others, the following provisions:

"10. The husband agrees as follows:
* * *

2. That * * * he will pay to the wife $65 per month for a period of four and one-half years.

3. That upon entry of final decree in the divorce action contemplated by the wife, the husband will pay her the sum of $500 and a reasonable counsel fee in addition.
* * *

14. The wife agrees that she will accept the monthly payments stipulated to be made in full satisfaction of her separate maintenance and support and, in the event the parties shall be divorced at any time, in full satisfaction of alimony or allowance which might at such time or any future time, be decreed in her favor.
* * *

16. In the event that the wife should at any time petition for divorce or separation, the provisions hereof shall in no way affect the merits of any petition which may be so filed by her, but shall be accepted by her in lieu of any support pendente lite or any alimony after final decree and any counsel fees except in this agreement elsewhere provided or any claims which might or could be made by her against the husband for any cause whatever. It is furthermore agreed that any or all of the provisions of this agreement may at any time be incorporated in any preliminary or final decree in any divorce or separation action between the parties, one of the purposes of this agreement being that it may act as a basis for provisions which might be incorporated in any such decrees if that seemed advisable. The wife agrees that she will incorporate this agreement or any part thereof in any such decree at the request of the husband. * * * * * *

20. The wife agrees that except as to provisions herein previously completed and executed and except as to provisions herein with which the husband has not complied prior to either of the events next mentioned, all obligations of the husband hereunder shall cease at the death of the wife or her remarriage."

The plaintiff remarried on May 29, 1954, and it is admitted that defendant paid her $500 and then $65 a month up to the date of the remarriage. She claims, however, that she is entitled not only to the $500 and the $65 a month referred to in the first part of the decree, but also to the $500 and $65 a month referred to in the agreement which was incorporated elsewhere in the decree, although there is no evidence that she made any such claim until after the defendant stopped payments upon her remarriage. She also claims to be entitled to payments after her remarriage on the ground that it did not, either by the terms of the decree or by operation of law, terminate the payments.

The plaintiff produced as a witness a lawyer who is not only a member of this bar but also of the Florida bar. This attorney made various statements as to the law of Florida

as applied to this situation, and the trial justice had before him sufficient evidence in these statements and in the cases referred to to warrant his finding that by the Florida law the plaintiff's remarriage ipso facto terminated the payments.

Much of the briefs was directed to issues which were not in dispute, namely, whether the court should give due faith and credit to this divorce decree, and whether it could be collaterally attacked. We agree with the parties and the trial justice that the first question should be answered in the affirmative and the second question in the negative.

The real question is: What does the Florida divorce decree mean? It is a pure question of construction and while all agree that we should give due faith and credit to that decree it certainly was the function of the trial justice here to decide what such decree meant. In view of the agreement signed by plaintiff to take the sums mentioned therein "in full satisfaction of her separate maintenance and support" before and after the divorce, and her further agreement that these provisions might be incorporated in the decree, as in fact they were, we are convinced that she is not entitled to claim both the $500 and $65 monthly as ordered in the decree and also another $500 and $65 monthly referred to in the agreement which was incorporated in the decree. Had the sums in the first part of the decree been different from those mentioned in the agreement there might be some plausibility to the plaintiff's claim. But, in our opinion, their identical nature throughout the text of the whole agreement and the conduct of the parties thereunder make her present position untenable.

As we have said, from the evidence and cases referred to, the trial justice could have properly found as a fact that by the Florida law, which both parties agreed was controlling, the plaintiff's remarriage terminated the payments. We are also satisfied that such is the meaning of the decree containing the agreement. In our judgment the reasonable

intent of the twentieth paragraph above quoted requires that conclusion, since the wife in that paragraph almost immediately above her signature agreed that upon her remarriage "all obligations of the husband hereunder shall cease," except those he had not lived up to at the time of her remarriage. Moreover her subsequent conduct corroborates that such was her understanding since for one and one-half years she never had asserted this additional claim.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment for the defendant upon the decision.

*Murphy, Morriss & McKenna,* for plaintiff.

*Charles H. Drummey,* for defendant.